1
2
3
4
5
6

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN LEE WILLIAMS | CASE NO.   1:11-cv-1057-AWI-MJS (PC) |
| Plaintiff, | ORDER DISMISSING PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM |
| v. | (ECF No. 2) |
| CITY OF FRESNO, et al., | AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |
| Defendants. | |

_____/

**SCREENING ORDER**

Plaintiff John Lee Williams ("Plaintiff") initiated this action by filing a pro se Complaint on June 20, 2011.  (ECF No. 2.)  Plaintiff's Complaint is before the Court for screening.

I.    **SCREENING REQUIREMENT**

The in forma pauperis statute provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon

-1-

which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal conclusion are not.  Iqbal, 129 S.Ct. at 1949.

## II.    FACTUAL ALLEGATIONS

Plaintiff names the City of Fresno and the Fresno Police Department as defendants in this action.  Plaintiff's Complaint consists of a list of alleged wrongs inflicted on Plaintiff by Defendants.    Plaintiff's alleges as follows:

Plaintiff first alleges that at some point between April 15 and April 30, 2011, the Defendant Fresno Police Department served a warrant on a residence Plaintiff had just visited.  (Compl. at 1.)  The police secured a perimeter, but did not detain Plaintiff.  (Id.) As a result of Defendant's conduct, Plaintiff was labeled an informant and, as a result, he has suffered several attempts on his life and he and his family remain in imminent danger. (Id.)

In addition, unspecified defendants also have subjected Plaintiff to two traffic stops, one on August 28, 2010 and another on May 25, 2011.  (Compl. at 2.)  The police ran warrant checks on Plaintiff; they came back with negative results.  (Id.)  They also searched Plaintiff against his will.  (Id.)  On the first occasion, Plaintiff was given a citation

1

2
for drug paraphernalia; on the second, he was arrested for possession of a knife.  (Id.)

3
Plaintiff asks that the Court order Defendants to provide him with copies of all police

4
incident reports, a public apology, and the name of the actual confidential informer.

5
Plaintiff also asks for a TRO against Defendants and that he be appointed counsel, be

6
checked for tracking devices, and be awarded $500,000,000 in damages.

7
**III.   ANALYSIS**

8
**A.   Apparent Claims**

9
Plaintiff does not refer to any law he believes Defendants violated.  Assuming

10
Plaintiff believes his constitutional rights were violated by police, the Court will construe his

11
claims as though brought under 42 U.S.C. § 1983.[1]

12

13
Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges,

14
or immunities secured by the Constitution and laws' of the United States."  Wilder v.

15
Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983

16
is not itself a source of substantive rights, but merely provides a method for vindicating

17
federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).  To

18
state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right

19
20
secured by the Constitution or laws of the United States was violated, and (2) that the

21
alleged violation was committed by a person acting under the color of state law.  See West

22
v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th

23
Cir. 1987).

24

25

26
    [1]  If the Court misread or failed to understand Plaintiff's claims, he is free to further clarify them in
his amended complaint.  Plaintiff would be well advised to consider hiring an attorney to assist him with

27
these claims.  Civil rights actions are difficult for even seasoned attorneys to prosecute.

Although, far from clear, it may be that Plaintiff is undertaking to assert a claim for defamation, as a result of being falsely labeled as an informant, and a Fourth Amendment claim for unreasonable search and seizure.

**B.    Federal Rule of Civil Procedure 18(a)**

Fed. R. Civ. P. 18(a) states that "[a] party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party."  "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)."  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

The fact that claims are premised on the same type of constitutional violation(s) (i.e. deliberate indifference) against multiple defendants does not make them factually related. Claims are related where they are based on the same precipitating event, or a series of related events caused by the same precipitating event.

Plaintiff's Complaint appears to assert two unrelated claims in violation of Rule 18: (1) Defamation by Defendant Fresno Police Department for falsely labeling him as an informant and (2) unreasonable search and seizure by unspecified defendants.

The Court will review and discuss both of Plaintiff's perceived claims and the law applicable to them so that Plaintiff might evaluate which, if any, he feels may be and should

-4-

be pursued here and which, if any, may be and should be pursued in a different action. Plaintiff must file a separate complaint for each unrelated claim against different defendants.  If he does not, all unrelated claims will be subject to dismissal.

**B.**    ___Monell___ **Claims Against City of Fresno and Fresno Police Department**

As an initial matter, because Plaintiff has named municipalities rather than individuals as defendants, Plaintiff must meet the requirements to allege specific constitutional claims,  as set forth below.

A municipality is considered a "person" under Section 1983 and may be liable for causing a constitutional deprivation.  Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1992); Long v. Cnty. of L.A., 442 F.3d 1178, 1185 (9th Cir. 2006).  A municipality may not be sued under Section 1983 solely because an injury was inflicted by its employees or agents, however.  Monell, 436 U.S. at 694.  It is only when execution of a government's policy or custom inflicts the injury that the municipality as an entity is responsible.  Id.  "A policy is a deliberate choice to follow a course of action ... made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question."  Long, 442 F.3d at 1185 (internal quotation marks and citations omitted).

To state a claim for municipal liability for the failure to protect an individual's constitutional rights, the plaintiff must establish facts indicating the following: (1) the plaintiff possessed a constitutional right, of which he was deprived, (2) the municipality had a policy, (3) the municipal policy amounts to deliberate indifference to the plaintiff's constitutional right, and (4) the municipal policy is a moving force behind the constitutional violation.  Oviatt v. Pearce, 954 F.2d 1470, 1474 (9th Cir. 1992).

1
2
3
4
5
6
7
8
9

It appears Plaintiff wants to assert Section 1983 claims under Monell against Defendants City of Fresno and Fresno Police Department for defamation and unreasonable search and seizure by their representatives. However, Plaintiff does not identify what rights were violated nor suggest that the violation resulted from any policy or custom for which the employing municipality could be held liable under Monell. Plaintiff includes nothing that would enlighten the Court as to what constitutional rights were violated, how, by whom, and why the violations resulted from a policy instituted by Defendants or a lack of training of their officers.

10
11
12
13
14
15
16

While detailed factual allegations are not required, a claim must set forth sufficient factual content that allows the "court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1940. There must be something more than a conclusory allegation stating that Defendants have violated Plaintiff's rights. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

17

Plaintiff has failed to state a claim under Monell.

18
19
20
21
22
23
24
25
26

Plaintiff will be given leave to file an amended complaint. In his amended complaint, to state a claim under Monell, Plaintiff must allege facts establishing a policy by Defendants or a lack of training of their officers that led to the alleged constitutional violation. It is not enough simply to state or speculate that there is a policy or allege that officers are not properly trained or supervised. Plaintiff must assert true **facts** showing the plausibility of his claims. In the alternative, Plaintiff should name individual defendants and explain how they have violated his constitutional rights.

/////

27

### B.   <u>Defamation</u>

In order to allege a defamation claim pursuant to Section 1983, plaintiff must allege injury to his reputation from defamation accompanied by an allegation of injury to a recognizable property or liberty interest to have an actionable claim under 42 U.S.C. § 1983. <u>Cooper v. Dupnik</u>, 924 F.2d 1520, 1532 (9th Cir.1991) (italics added).  This is called "defamation-plus."  <u>Id.</u>  Harm to reputation alone is not actionable.  <u>WMX Techs. v. Miller</u>, 80 F.3d 1315, 1320 (9th Cir. 1996).

The Ninth Circuit has clarified that: "There are two ways to state a cognizable Section 1983 claim for defamation-plus: (1) allege that the injury to reputation was inflicted in connection with a federally protected right; or (2) allege that the injury to reputation caused the denial of a federally protected right."  <u>Herb Hallman Chevrolet v. Nash-Holmes</u>, 169 F.3d 636, 645 (9th Cir. 1999) (citing <u>Cooper</u>, 924 F.2d at 1532).  There must also be some temporal connection between the unconstitutional actions and the defamatory statements.  <u>Campanelli v. Bockrath</u>, 100 F.3d 1476, 1483 (9th Cir. 1996).

Plaintiff has failed to allege required elements of a cognizable defamation claim.  He has not alleged that his reputation was injured in connection with a federally protected right or that the damage caused him to be denied a federally protected right.  Essentially, Plaintiff alleges only that Defendant Fresno Police Department took action that may have cast Plaintiff in a bad light with those who do not want citizens to assist police.  The Court is unable to see how such action could give rise to a constitutional claim unless perhaps motivated by some unconstitutional goal intentionally for the purpose of exposing Plaintiff to some risk of harm.

Plaintiff will be given leave to amend his claim to present facts, not speculation or

-7-

opinion, as to how he can state a claim against Defendant Fresno Police Department under <u>Monell</u>, as explained above, and how Defendant Fresno Police Department intentionally acted to deprive him of a federally protected right or how the action caused the denial of a federally protected right.

### C.   <u>Unreasonable Search</u>

"The Fourth Amendment prohibits 'unreasonable searches and seizures' by the Government, and its protections extend to brief investigatory stops of persons or vehicles that fall short of traditional arrest." <u>United States v. Arvizu</u>, 534 U.S. 266, 273 (2002); <u>United States v. Willis</u>, 431 F.3d 709, 714 (9th Cir. 2005).   In such cases, the Fourth Amendment is satisfied if the officer's action is supported by reasonable suspicion.   <u>Arvizu</u>, 534 U.S. at 273.   While reasonable suspicion requires "considerably less than proof of wrongdoing by a preponderance of the evidence," an officer must be able to articulate facts creating grounds to suspect that criminal activity "may be afoot." <u>United States v. Sokolow</u>, 490 U.S. 1, 7 (1989); <u>United States v. Hartz</u>, 458 F.3d 1011, 1017 (9th Cir. 2006).   We consider "the totality of the circumstances-the whole picture" when evaluating reasonable suspicion.   <u>Sokolow</u>, 490 U.S. at 7.

Plaintiff alleges that unspecified Defendants conducted traffic stops and searched him against his will.   He has included no facts suggesting the searches were unreasonable or without reasonable suspicion or  apparent justification.   Plaintiff has failed to state a claim for unreasonable search and seizure under the Fourth Amendment.

If Plaintiff chooses to file an amended complaint, he must first link Defendants to this claim, and then explain how he can state a claim against the linked Defendants under <u>Monell</u>, as explained above.   He then must provide additional details regarding what

brought about the traffic stops and why they were unreasonably motivated or conducted so that the Court may determine whether or not Plaintiff can state a claim for unreasonable search and seizure.

## IV.   CONCLUSION AND ORDER

Plaintiff's Complaint fails to state a claim upon which relief may be granted under § 1983.   The Court will provide Plaintiff with the opportunity to amend to cure the deficiencies in his claim.   Lopez, 203 F.3d at 1130; Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).   Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.   George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, S.Ct. at 1948-49.   Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.   Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, it is HEREBY ORDERED that:

-9-

1.      The Clerk's Office shall send Plaintiff a complaint form;

2.      Plaintiff's Complaint, filed June 20, 2011, is dismissed for failure to state a claim upon which relief may be granted under § 1983;

3.      Within **thirty (30) days** from the date of service of this Order, Plaintiff shall file an amended complaint; and

4.      If Plaintiff fails to file an amended complaint in compliance with this Order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   April 4, 2012          /s/ *Michael J. Seng*

                                    UNITED STATES MAGISTRATE JUDGE